IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  17-cv-02243-MJW

DEMETRIO A. VALERGA,

Applicant,

v.

JEFF SESSIONS, U.S. Attorney General,

Respondent.

---

**REPORT AND RECOMMENDATION ON APPLICATION FOR WRIT OF HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2241 (DOCKET NO. 1)
and
PETITIONER'S MOTION TO KEEP HABEAS PROCEEDINGS OPEN
(DOCKET NO. 23)**

---

**Michael J. Watanabe
United States Magistrate Judge**

This case is before this Court pursuant to Orders of Reference to Magistrate

Judge issued by Judge William J. Martinez on October 17, 2017, and November 11,

2017, respectively. (Docket Nos. 21 & 24.) Now before the Court is Applicant Demetrio

A. Valerga's ("Applicant") Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. §

2241 (Docket No. 1) and Motion to Keep Habeas Proceedings Open. (Docket No. 23.)

On October 6, 2017, Respondent Jeff Sessions ("Respondent") filed a response (Docket

No. 16) to the Court's Order to Show Cause. (Docket No. 8.) He supplemented that

response on November 9, 2017 (Docket No. 26), and responded to Petitioner's motion

to keep the proceedings open on November 15, 2017. (Docket No. 26.) The Court has

carefully considered the pleadings and motion, taken judicial notice of the Court's file,

and considered the applicable Federal Rules of Civil Procedure and case law. The Court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

## Background

Applicant signed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) on September 13, 2017, and it was filed with the Court on September 15, 2017. Applicant is a citizen of Argentina who was admitted to the United States as a lawful permanent resident in 1990. (Docket No. 16-1 at ¶ 2.) He was ordered removed from this country on February 20, 2014, because he was convicted of various crimes. (Docket No. 1 at pp. 9-10; Docket No. 16-1 at ¶ 4.) He was released by Immigration and Customs Enforcement ("ICE") while the agency tried to obtain travel documents for Applicant. (Docket No. 16-1 at ¶ 7.) After Applicant was arrested and incarcerated again in 2016, ICE contacted the Argentine Consulate, which said it would issue travel documents upon Applicant's release from prison. (Docket No. 16-1 at ¶ 8.) He was released from the Colorado Department of Corrections on June 29, 2017. (Docket No. 1 at p. 10.) In his Application, he alleged that he was then detained by ICE for a period exceeding 90 days without being removed, in contravention of 8 U.S.C. § 1231(c). (*Id.* at p. 15.) The delay was caused by the fact that ICE has not still been able to secure the appropriate travel documents. (*Id.* at p. 2.) On September 14, 2017, after the Application at issue was signed but before it was served on Respondent, Applicant was again released from custody, subject to an Order of Supervision. (Docket No. 16-1 at ¶ 12.) He then filed the subject Motion to Keep Habeas Proceedings Open. (Docket No. 23.) However, ICE was eventually able to secure the necessary travel documents,

and Applicant was taken into custody on November 1, 2017, and removed to Argentina on November 5, 2017. (Docket No. 25-1 at ¶¶ 2-5.)

### Analysis

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).

Section 2241(c)(1) provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless [he] is in custody." Although the fact that Applicant is no longer in custody does not automatically moot his Application, it will be dismissed unless one of the following exceptions is established: "'(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.'" *Riley v. I.N.S.*, 310 F.3d 1253, 1256–57 (10th Cir. 2002) (quoting *Chong v. I.N.S.*, 264 F.3d 378, 384 (3d Cir. 2001)).

The court finds that none of these exceptions to the mootness doctrine apply. Therefore, under *Riley*, Applicant's petition must be dismissed as moot. *See Riley*, 310 F.3d at 1255, 1257. *See also Herrera v. Holder*, No. 14-cv-00218-PAB, 2014 WL 3672116, at *4 (D. Colo. July 23, 2014) (finding that an applicant's release from

detention pursuant to an order of supervision moots his § 2241 application).

Recommendation

For the reasons discussed above, it is **RECOMMENDED** that:

- The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1), filed by Applicant Demetrio A. Valerga on September 15, 2017, be **DISMISSED WITHOUT PREJUDICE**; and

- Applicant Demetrio A. Valerga's Motion to Keep Habeas Proceedings Open (Docket No. 23) be **DENIED AS MOOT**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colorado Dep't of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

BY THE COURT

Date:  December 1, 2017       s/ Michael J. Watanabe
      Denver, Colorado         Michael J. Watanabe
                                  United States Magistrate Judge